**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

PERRY PATTERSON,             §
                                     §
          Plaintiff,           §    CIVIL ACTION NO. 5:19-CV-00055-RWS
                                     §
v.                                   §
                                     §
CANDICE OAKES, SAFE PRISONS  §
COORDINATOR/MAILROOM        §
SUPERVISOR, TELFORD UNIT; JAMMIE  §
L BARKER, RN, TELFORD UNIT;    §
STEPHANIE G. ARNOLD,         §
ADMINISTRATIVE ASSISTANT,    §
MAILROOM STAFF, TELFORD UNIT;  §
AMY L. ROBINSON, ADMINISTRATIVE  §
ASSISTANT, MAILROOM STAFF,    §
TELFORD UNIT; AND CLEMIA T. HUEY,  §
CORRECTIONAL OFFICER, TELFORD  §
UNIT;                               §
                                     §
          Defendants.         §

## <u>ORDER</u>

Plaintiff Perry Patterson, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Patterson has filed a motion asking the Court to order prison medical providers to prescribe him tinted glasses, a heart medication called Nitrostat, an allergy medication called Benadryl and a heartburn medication called ranitidine. The Magistrate Judge issued a Report and

Recommendation recommending that the motion for injunctive relief be denied. Docket No. 29. The Magistrate Judge observed that federal courts are reluctant to second-guess medical judgments made by physicians and other medical professionals and that Patterson's disagreement with the assessments of medical providers is not sufficient to warrant the extraordinary remedy of injunctive relief. *Id.* at 3. The Magistrate Judge also determined that Patterson had not shown a substantial likelihood of success on the merits of his claims or a substantial threat of irreparable injury if his requested injunctive relief is not granted, stating that documents attached to Patterson's amended complaint suggest that he has refused numerous medical appointments, including an optometry pass for evaluation for a sunglasses pass. *Id.* at 4–5.

In his objections, Patterson points to a 2013 remand by the Fifth Circuit of a previous lawsuit he filed concerning his medical care. Docket No. 30 at 2; *see also Patterson v. Stanley*, 547 F. App'x 510 (5th Cir. Nov. 15, 2013). He asserts that "the substantial likelihood required for injunctive relief is merited by the reversal," *id.*, but this remand only concerned the issue of whether Plaintiff had exhausted his administrative remedies. On remand, the district court granted summary judgment in favor of the defendants, finding Patterson's claims without merit, and the Fifth Circuit affirmed this determination. *Patterson v. Stanley*, 595 F. App'x 423 (5th Cir. Mar. 3, 2015). The fact that Plaintiff's prior lawsuit concerning his medical claims was ultimately found to be without merit does not show that he has a substantial likelihood of success in another case concerning his medical care.

Patterson next contends that "there can be no misdiagnosis of a discontinuation of treatment without any diagnosis at all." Docket No. 30 at 2. This argument offers no justification for the Court to substitute its judgment for that of medical professionals.

Patterson acknowledges that two medications, Nitrostat and Tums, have been re-prescribed as a replacement for ranitidine. *Id.* His request for injunctive relief as to these medications is moot. He asserts that the medical providers have "contradicted each other." *Id.* at 3.

Patterson attached as an exhibit a clinic note from January 13, 2020, which shows that Patterson was a "no-show" for a coumadin clinic in December 2019. Docket No. 30-1. This clinic notes states that Patterson is adamant about wanting to handle his medical condition his way and has demanded medications of his own accord; his visit had to be suspended as a result. *Id.* The note further says that Patterson has refused the coumadin clinic for a long time and that he is taking medications which require close monitoring but refuses clinic follow-up by practitioners. *Id.* This clinic note plainly offers no basis for the Court to second-guess the medical professionals and order them to provide the treatment Patterson believes is appropriate. *Id.* His objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Patterson has objected. *See* 28 U.S.C. § 636(b)(1) (the Court shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that Patterson's objections are without merit. It is therefore

**ORDERED** that Patterson's objections are overruled and the Report of the Magistrate Judge (Docket No. 29) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Patterson's motion for emergency injunctive relief (Docket No. 6) is **DENIED**.

**So ORDERED and SIGNED this 27th day of February, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE