# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| PERRY PATTERSON, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:19-CV-00055-RWS |
| | § | |
| v. | § | |
| | § | |
| CANDICE OAKES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Perry Patterson, proceeding *pro se*, filed the above-captioned matter complaining of alleged violations of his constitutional rights. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

Plaintiff complained of deliberate indifference to his serious medical needs by Nurse Practitioner Jammie Barker and of the confiscation of certain artwork by mailroom staff at the Telford Unit, including Candice Oakes, Clemia Huey, Stephanie Arnold and Amy Robinson. Docket No. 25. Plaintiff filed a Motion for Summary Judgment on his claims. Docket No. 59. Nurse Practitioner Barker and the mailroom staff filed a Correct Motion for Summary Judgment as well, to which Plaintiff filed a response. Docket Nos. 75, 76.

After review of the motions, response and summary judgment evidence, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted as to Nurse Practitioner Barker and denied as to the remaining Defendants with leave to refile. Docket No. 79. Plaintiff filed objections. Docket No. 81.

With regard to Nurse Practitioner Barker, Plaintiff asserts she ordered him to go on a "life-threatening trip" to retain his prescription for sunglasses because she referred him to the optometry

department at John Sealy Hospital in Galveston and he would have to ride on buses which were not air conditioned. *Id.* at 3. The Magistrate Judge correctly determined that referring a patient to a specialist does not amount to deliberate indifference to that patient's serious medical needs, even if other medical personnel may not have believed such a referral was necessary. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (finding disagreement between physicians as to the proper course of treatment does not show deliberate indifference). The fact that the bus may not be air-conditioned likewise does not render the referral to a specialist deliberate indifference. *See Fenlon v. Quarterman*, 2008 WL 637627 (E.D. Tex. 2008), *aff'd*, 350 F.App'x 931 (5th Cir. 2009); *accord*, *Covalt v. Inmate Services Corporation*, 2015 WL 2207700 (D. Col. 2015) (finding claims of conditions during a seven-day prisoner transport from Texas to Wyoming, including allegations that the plaintiff had to sleep sitting upright while handcuffed between two other inmates; there was limited food and drinking water and few restroom stops; no opportunity to exercise or shower; the plaintiff had to sit on a perforated milk crate for hundreds of miles at a time; and the plaintiff had to sit by a convicted and sentenced prisoner who was verbally and physically abusive to him, did not demonstrate any constitutional violations). This objection is without merit.

Next, Plaintiff complains he was prescribed "cancer-causing ranitidine" for six months after it was recalled by the FDA in September of 2019. Docket No. 81 at 4. The documentation he furnishes shows he complained in December 2019 or January 2020 that he was not issued ranitidine in December, and he was told in January of 2020 that there was no more ranitidine, but he has omeprazole. He then complained in February 2020 about his ranitidine having expired and not being replaced. Plaintiff's documentation refutes his contention that he was prescribed ranitidine for six months after September of 2019. His objection on this point is without merit.

Plaintiff then complains he had been on 600 mg of ranitidine, which he says is "double the legal dosage." *Id.* at 5. He points to an entry from Nurse Practitioner Barker dated February 5, 2019, apparently reading "300 mg ranitidine max dose interferes with coumadin, stop 600 mg." *Id.* This entry does not state that 600 mg is "double the legal dosage," nor does it otherwise show that such a prescription amounted to deliberate indifference to his serious medical needs. The Magistrate Judge observed that when ranitidine was prescribed, a 600 mg dosage was used to treat erosive esophagitis, indicating that this is in fact a "legal dosage," particularly given the severity of the symptoms which Plaintiff states he experienced. Docket No. 79 at 20 n.2. Plaintiff's objection on this point is without merit.

Plaintiff also objects to the Magistrate Judge's determination concerning the mailroom defendants. Docket No. 81 at 6–7. The Magistrate Judge recommended denial of these Defendants' request for summary judgment, although with leave to refile. Docket No. 79 at 25. Plaintiff has not shown any basis upon which to object to a recommendation that the Defendants' motion for summary judgment be denied. To the extent Plaintiff objects to the Defendants being allowed to refile, he has not shown an abuse of discretion and his objection in this regard is without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Plaintiff's objections (Docket No. 81) are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 79) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' corrected motion for summary judgment (Docket No. 75) is **GRANTED-IN-PART** as to the Defendant Nurse Practitioner Jammie Barker. The claims against Nurse Practitioner Barker are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the corrected motion for summary judgment (Docket No. 75) is **DENIED-IN-PART** as to the claims against the Defendants Oakes, Huey, Arnold and Robinson. These Defendants may, if they wish, file a second amended motion for summary judgment more specifically addressing the claims against them. Any such motion shall be filed **within 40 days of the issuance** of this order. It is further

**ORDERED** that the Plaintiff's motion for summary judgment (Docket No. 59) and the Defendant's original motion for summary judgment (Docket No. 70) are **DENIED**. Additionally, the Defendants' Motion to Seal (Docket No. 69) its summary judgment motion (Docket Nos. 70, 75) and Exhibit A to that motion (Docket No. 70-1) is **GRANTED**. The Clerk shall hold Defendants' motion for summary judgment and Exhibit A under seal until further order of the Court. It is further

**ORDERED** that the Plaintiff's Motion for Discovery (Docket No. 63) of medical records between April 2002 and June 2004 pertaining to Plaintiff's eye treatment is **DENIED-AS-MOOT**. Finally, it is

**ORDERED** that the Plaintiff's motion for appointment of counsel (Docket No. 68) is **DENIED** for the reasons given in the Court's previous denials of motions to appoint counsel and denials of reconsideration of the previous orders denying counsel. Docket Nos. 23, 41. Such denial is subject to reconsideration in the event it later appears appointment of counsel is necessary.

**SIGNED this 13th day of July, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE