IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| PERRY PATTERSON | § | |
| v. | § | CIVIL ACTION NO. 5:19cv55 |
| CANDICE OAKES, ET AL. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF**

The Plaintiff Perry Patterson proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Plaintiff has filed two motions for injunctive relief. In the first of these (Dkt. No. 111), Plaintiff asks that the Court order TDCJ to instruct all of its officers to comply with TDCJ policies and state and federal laws concerning contraband. He says that under TDCJ policy, "contraband" must present a security issue by jeopardizing the safety and security of the institution; thus, Plaintiff claims that objects such as greeting cards, artwork, pictures, earphones, or watches cannot become "contraband" simply because they are repaired, torn, or a name has been written on them.[1] He also

---

[1] The Court notes the TDCJ Inmate Orientation Handbook defines "contraband" as: any item not allowed when the offender came to TDCJ, not given or assigned by an offender by TDCJ, and not bought by an offender for his use from the commissary; any item altered from its original condition; any item which, in the judgment of TDCJ personnel, unreasonably hinders the safe and effective operation of the facility; items in excess of the amounts authorized or stored in an unauthorized manner; any item received or sent through the mail that is not approved in accordance with the TDCJ Offender Correspondence Rules; any item which an offender is not supposed to have, including money, items used for gambling, books or magazines which are not approved, clothes which are not approved, or tobacco or tobacco related items.

says that TDCJ policies on searches are being ignored and misused to retaliate against prisoners, and the guards do not properly utilize forms and paperwork so that they can illegally seize and keep prisoners' property.

In his second motion for injunctive relief (Dkt. No. 112), Plaintiff again asks that TDCJ order its officers to comply with the prison's policies and rules. He says that items such as photographs, radios, lamps, artwork, cups, and hygiene items are being taken by guards or mailroom staff without any proper forms being filled out or any showing that the item poses a safety hazard. He contends that religious items such as rosaries are taken and thrown out without documentation and in violation of TDCJ rules. He says that he is still having problems sending out his artwork to be sold and complains that his wedding band was taken from his hand by a captain named Ames after Plaintiff suffered a heart attack and was being taken to the hospital in Lamesa. No paperwork was done and staff has made no effort to recover the lost ring. He asks for an order that his wedding ring be replaced, items called "magic cards" be sent back to him that he was wrongfully forced to send out, and that he be allowed to mail out his artwork for sale, which is the subject matter of this lawsuit. Plaintiff also filed a supplement to his motions, which re-urges his requested relief (Dkt. No. 114).

## II. Discussion

Under the Prison Litigation Reform Act, 18 U.S.C. §3626(a), prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the federal right of a particular plaintiff, and the court shall not grant or approve any prospective relief, including preliminary injunctive relief unless the court finds such relief is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right. The court is required to give "substantial weight" to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief.

The prerequisites for a preliminary injunction or temporary restraining order are: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) the threatened

injury outweighs the threatened harm the injunction may do to the non-movant; and (4) the granting of the injunction will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Preliminary injunctive relief is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). Conclusory allegations are not sufficient to carry this burden. *Lakedreams v. Taylor*, 932 F.2d 1103, 1007 (5th Cir. 1991).

The equitable injunctive powers of the federal court will not be exercised save in exceptional cases to prevent irreparable injury which is clear and imminent. *Heath v. City of New Orleans*, 320 F.Supp. 545, 546 (E.D.La. 1970), *aff'd* 435 F.2d 1307 (5th Cir. 1971). In order to satisfy the irreparable injury requirement, the movant must show a significant threat of imminent injury which cannot be adequately addressed by an award of monetary damages. *Humana Inc. v. Jacobson*, 804 F.2d 1390, 1394 (5th Cir. 1986); *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981). Mere speculation of an irreparable injury is not sufficient. *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.,* 710 F.3d 579, 585 (5th Cir. 2013); *compare Jones v. Texas Department of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (finding that diabetic prisoner who was given a non-diabetic high-sugar diet, resulting in a blood sugar level significantly above normal as well as a heart attack, adequately alleged a substantial danger of irreparable injury).

Plaintiff's motions for injunctive relief fail to allege a substantial danger of irreparable injury. The primary complaints presented in these motions appear to concern the loss of property such as his wedding ring as well as his difficulties in sending out artwork for sale. Plaintiff offers nothing to suggest that these contentions represent clear and imminent irreparable injuries or that such injuries could not be recompensed through an award of monetary damages. Furthermore, under the *Parratt/Hudson Doctrine*, the random and unauthorized taking of Plaintiff's wedding ring does not set out a federal claim because the State of Texas provides an adequate post-deprivation remedy. *See, e.g., Pierce v. Garrett*, 753 F.App'x 333, 2019 U.S. App. LEXIS 4749, at *2 (5th Cir. 2019) (confiscation of property by prison officials did not state a claim under the *Parratt/Hudson Doctrine*

because the plaintiff had an adequate state post-deprivation remedy). Plaintiff cannot transform this claim into a federal cause of action merely by casting it as a motion for injunctive relief. *See Leggett v. Comer*, 280 F.App'x 333, 2008 U.S. App. LEXIS 10679, at *3 (5th Cir. 2008).

In addition, Plaintiff has not shown his requested injunctive relief will not disserve the public interest. Considerations of federalism weigh heavily against interference by federal courts through the issuance of preliminary injunctions against state or local agencies. The Supreme Court has stated correctional administrators are to be accorded wide-ranging deference in their adoption and execution of policies and practices which in their judgment are needed to preserve internal order and discipline and to maintain internal security. *Block v. Rutherford*, 468 U.S. 576, 584-85, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). Consequently, federal courts are not to allow themselves to become "enmeshed in the minutiae of prison operations." *Lewis v. Casey*, 518 U.S. 343, 362, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), *citing Bell v. Wolfish*, 441 U.S. 520, 562, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

Plaintiff's allegations fail to present adequate justification for federal interference with the operations of a state prison. His requests for injunctive relief cannot be granted.

## RECOMMENDATION

It is accordingly recommended the Plaintiff's motions for injunctive relief (Dkt. No.'s 111 and 112) be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 6th day of March, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE