## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| PERRY PATTERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 5:19-CV-00055-RWS-JBB |
| v. | § | |
| | § | |
| CANDICE OAKES, *ET AL.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Plaintiff Perry Patterson, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed the above-captioned civil action complaining of alleged violations of his constitutional rights. Docket Nos. 1, 11, 25. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

## BACKGROUND

Plaintiff complained of deliberate indifference to his serious medical needs by Nurse Practitioner Jammie Barker and the confiscation of certain artwork by mailroom staff at the Telford Unit, including Candice Oakes, Clemia Huey, Stephanie Arnold, and Amy Robinson. Docket No. 25. The claims against Nurse Practitioner Barker have previously been dismissed. Docket No. 82 at 4.

In his claim concerning his artwork, Plaintiff asserts that on January 17, 2019, Oakes, the mailroom supervisor, directed the mailroom staff to seize his artwork, claiming that prisoners cannot mail out items to be sold. Plaintiff contended that this violated TDCJ policy and that he has previously sent out items to vendors with the approval or assistance of the property officer. Docket No. 25 at 4–5. However, he stated that the problem arose when Oakes became mailroom supervisor; Plaintiff contends that he had previously sued her and claimed that she was retaliating against him based on this. *Id.* at 5.

The Defendants filed an initial motion for summary judgment arguing that Plaintiff has an adequate state post-deprivation remedy for the alleged loss of his property and so his claim is barred by the *Parratt/Hudson* doctrine. Docket No. 75. Defendants argue the *Parratt/Hudson* doctrine stands for the proposition that a random and unauthorized deprivation of a prisoner's property does not violate procedural due process if the State provides an adequate post-deprivation remedy. *Id.* at 7. Regarding Plaintiff's substantive First Amendment claim, the Defendants argued that Plaintiff "failed to provide evidence that his artwork was seized because of his viewpoint or the content of the artwork itself." *Id.* at 8. The Defendants contended that a grievance response showed that the property had been mailed out. *Id.*

After reviewing the pleadings, the Court determined that the *Parratt/Hudson* doctrine did not cover Plaintiff's substantive First Amendment claim, citing *Christoph v. Young*, 567 F.App'x 268 (5th Cir. 2014). Docket No. 82 at 3–4 (adopting Docket No. 79 at 24–25). Defendants offered no authority showing Plaintiff was required to prove that the artwork was seized because of his viewpoint or the content of the artwork itself, and the grievance response to which the Defendants pointed was unclear as to whether the property which had been mailed out was the property at issue in this case or some other property which had been confiscated in 2018. *See* Docket No. 79 at 22–24.

After the case was administratively closed for an interlocutory appeal and reopened after the appeal was concluded, the Defendants filed an amended motion for summary judgment. Docket No. 105. This motion contended that Plaintiff's outgoing mail was denied because Plaintiff was attempting to mail two art boards, but according to TDCJ regulations, illustration boards had to be mailed out through the unit property officer. *Id.* at 5–6. The Defendants maintained that illustration boards are denied in the mailroom as non-mailable correspondence because they must be sent out via the property officer. *Id.*

However, the summary judgment evidence furnished by the Defendants showed that Plaintiff's mailing was rejected for the reason of "cannot sell for monetary gain." Docket No. 106-1 at 2. There is no indication in the summary judgment evidence that Plaintiff's mailing was rejected because it was required to be sent out via the property officer rather than the mailroom. While

policies furnished by the Defendants indicate that illustration boards must be sent through the unit property officer, these policies specify that if such boards are submitted for mailing through the mailroom, they are to be returned to the inmate as "non-mailable." Docket No. 105-3 at 12 (marked as Ex. C-0011). Plaintiff asserts that his art boards were not returned to him and were instead destroyed without his permission in violation of staff policies. Docket No. 106. A form for returning items as non-mailable appears in the summary judgment evidence. Docket No. 105-3 at 75. One reason listed on this form for returning items is "in-cell recreational art items must be mailed via property officer," but there is no indication of any such form being sent to Plaintiff or Plaintiff's items being returned to Plaintiff. *Id.*

## I.     The Report and Recommendation

After review of the amended motion for summary judgment, the Magistrate Judge issued a Report recommending that the motion be denied. Docket No. 108. The Magistrate Judge observed that the Defendants' motion conflicted with the Defendants' summary judgment evidence. *Id.* at 11–12. Defendants' motion asserted that the art boards were not mailed out because Plaintiff failed to mail them out through the property officer, while the evidence indicated that the art boards were not mailed out because Plaintiff was not allowed to sell them for monetary gain. *Id.* Thus, the Magistrate Judge determined that a disputed issue of fact existed, precluding summary judgment. *Id.*

While the Defendants argued that Plaintiff's claims of retaliation were "conclusory and self-serving," the Magistrate Judge stated that according to Plaintiff's allegations, Plaintiff complied with TDCJ regulations and was allowed to send out artwork for sale until Officer Oakes, whom he had previously sued, became mailroom supervisor. *Id.* at 12. The Magistrate Judge recognized that Plaintiff alleged Officer Oakes then ordered his artwork confiscated despite his compliance with regulations. *Id.* The Magistrate Judge concluded that this allegation set out a chronology of events from which retaliation could be inferred. *Id.* at 12–13 (citing *Leggett v. Comer*, 280 F.App'x 333 (5th Cir. 2008)).

## II.      The Defendants' Objections

In their objections, the Defendants first assert that the Magistrate Judge erred in failing to address the "clearly established" prong of the qualified immunity defense. Docket No. 110 at 4. Defendants contend that it is Plaintiff's burden to allege facts sufficient to demonstrate that no reasonable officer could have believed that the actions of the Defendants were proper. *Id.* at 3. But Defendants argue that, instead of requiring Plaintiff to meet this burden, the Magistrate Judge recommended denial of the motion for summary judgment based on remaining fact issues. Id. The Defendants contend that when a summary judgment motion raises qualified immunity, the court should rule on the issue, even if a material issue of fact remains on the underlying claim. *Id.* at 3–4 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *receded from by Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

The Defendants argue that courts must be able to point to controlling authority, or a robust consensus of persuasive authority, defining the contours of the right in question with a high degree of particularity. Docket No. 110 at 4. Defendants assert that while the Magistrate Judge found that there was a disputed issue of fact regarding why Plaintiff's mail was denied, Defendants object to the determination that this disputed issue of fact was material and sufficient to defeat summary judgment on the basis of qualified immunity without first addressing whether the violation of the right alleged was clearly established. *Id.* at 4–5. Defendants contend that Plaintiff must meet the "substantive evidentiary standard of proof that would apply at the trial on the merits" because the case involves a motion for summary judgment asserting qualified immunity. Docket No. 110 at 5 (citing two cases—*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) and *Gibbs v. Lynn*, 30 F.3d 1490 (5th Cir. 1994)—neither of which involve qualified immunity). Defendants argue that while the Magistrate Judge has identified a factual dispute as to why Plaintiff's mail was denied, this dispute could be resolved in one of three ways: either the outgoing mail was denied because inmates cannot sell the items for monetary gain, because inmates are required to mail the items through the property officer, or because of what they term "Plaintiff's assertions, unsupported by any objective evidence," that Defendant Oakes was retaliating against him. *Id.* at 5. Even if the

dispute is resolved favorably to the Plaintiff, the Defendants state that the Court must still address the second prong of the qualified immunity test. *Id.*

The Defendants contend that the Court must consider whether the Plaintiff has asserted the violation of a constitutional right at all and argue that the Magistrate Judge failed to do so because Defendants assert that they acted in accordance with the inmate mail regulation. Docket No. 110 at 5. Next, the Defendants maintain that even if Plaintiff successfully raised an issue of fact, the Court must still consider whether Defendants' actions violated a clearly established constitutional right. *Id.* at 6. If so, Defendants argue, the Court must go on to consider whether qualified immunity is still appropriate based on whether Defendants' actions were objectively reasonable in light of clearly established law. *Id.* The Defendants contend that Plaintiff did not establish that their actions violated a clearly established constitutional right and thus failed to overcome Defendants' alleged presumption of entitlement to qualified immunity. *Id.*

Second, regarding Plaintiff's retaliation claim, the Defendants assert that Plaintiff's "conclusory, self-serving allegations" are not sufficient. Docket No. 110 at 6. Defendants argue that his retaliation claim is based "only on allegations of an insignificant retaliatory act," which was so *de minimis* as to not rise to the level of a constitutional violation. *Id.* at 6–7. Defendants also contend that Plaintiff has not provided any competent evidence that Oakes is the official who denied his outgoing mail, noting that Oakes was not the official who signed the correspondence denial form. *Id.* at 7.

Defendants contend that Plaintiff cannot demonstrate that Oakes retaliated against him or that the alleged retaliatory act deters him from exercising his constitutional rights. *Id.* Defendants state that "by his own admission, Patterson has properly mailed out art through the property officer." *Id.* (citing Docket No. 25-3 at 7 (showing Plaintiff's Step Two grievance form alleging the seizure of his property and that Plaintiff has a receipt showing that he sent out art through Property Officer Rust about two and a half years earlier)). Thus, Defendants argue that Plaintiff "would not be deterred from mailing out his art through the proper channel." *Id.* at 7–8. Furthermore, Defendants contend that Plaintiff has failed to allege that he has remained unable to mail out his art boards. *Id.*

Defendants further contend that, according to Plaintiff's own evidence, Oakes had no knowledge of the lawsuit that Plaintiff filed against Oakes at the time of Plaintiff's first claim of retaliation by Oakes. *Id.* at 8. Defendants state that about six years passed between Plaintiff's first claim of retaliation by Oakes and the day Plaintiff's outgoing mail was denied, and the Defendants state that Plaintiff does not allege any additional retaliatory acts during those six years. *Id.* Defendants contend that multiple staff members were involved in the denial of the outgoing mail and the summary judgment evidence shows that the mail was not sent through proper channels. *Id.* Thus, the Defendants assert that Plaintiff has failed to set out a claim for retaliation beyond his own personal belief. *Id.*

## DISCUSSION—*DE NOVO* REVIEW

First, Defendants invoke their entitlement to qualified immunity, which Defendants assert was not substantively addressed in the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court now considers Defendants' assertion of qualified immunity. The Fifth Circuit has explained that qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Stramaski v. Lawley*, 44 F.4th 318, 328 (5th Cir. 2022). A plaintiff can overcome the defense by showing that (1) the official violated a statutory or constitutional right and (2) that the right was clearly established at the time of the challenged conduct. *Id.* (citing *Voss v. Goode*, 954 F.3d 234, 238 (5th Cir. 2020)). In this regard, the Fifth Circuit has explained as follows:

> Qualified immunity shields government officials from civil liability in their individual capacity so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It protects 'all but the plainly incompetent or those who knowingly violate the law.' *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

> Our qualified immunity inquiry is two-pronged. *Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020). First, we ask whether the facts, viewed in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right. Second, we ask whether the right was 'clearly established.' *Id.* We can analyze the prongs in either order or resolve the case on a single prong. *Id.*

*Cunningham v. Castloo*, 983 F.3d 185, 190–91 (5th Cir. 2020).

After stating that a right is "clearly established" only if it is sufficiently clear that every reasonable official would have understood that the defendant's conduct violated that right, and that there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that the conduct is definitively unlawful, the Fifth Circuit continued:

> When an official raises qualified immunity on summary judgment, [] the plaintiff bears the burden of showing that the defense does not apply. *See Bryant v. Gillem*, 965 F.3d 387, 391 (5th Cir. 2020). To meet that burden, the plaintiff must present evidence, viewed in her [*i.e.*, the plaintiff's] favor, satisfying both qualified immunity prongs by showing that the defendant (1) violated a constitutional right (2) that was clearly established at the time of the defendant's conduct. *See id*.

*Cunningham*, 983 F.3d at 191; *see Byrd v. Harrell*, 48 F.4th 343, 346 (5th Cir. 2022) ("[w]hen a government official has asserted qualified immunity, the burden shifts to the plaintiff to rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct") (internal quotations omitted).

As the Fifth Circuit explained, the two prongs of the qualified immunity test can be considered in either order. *Cunningham*, 983 F.3d at 191. When doing so, the Supreme Court has explained that "under either prong, courts may not resolve genuine issues of fact in favor of the party seeking summary judgment." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). In *Tolan*, the Supreme Court explained that in holding that the defendant's actions did not violate clearly established law, the Fifth Circuit had "failed to view the evidence at summary judgment in the light most favorable to Tolan with respect to the central facts of this case.  By failing to credit evidence that contradicted some of its key factual conclusions, the court improperly weighed the evidence and resolved disputed issues in favor of the moving party[.]" *Id.* at 657 (internal quotations omitted).

In their qualified immunity argument, Defendants assert that Plaintiff has not set out a violation of a clearly established constitutional right. As described above, Plaintiff alleges that his attempted mailing of two art boards was denied. Docket No. 105 at 5–6. The Defendants' motion for summary judgment argues that the mailing was denied because Plaintiff was required to mail the items through the property officer rather than the mailroom. *Id.* But the summary judgment evidence furnished by the Defendants indicates that the mailing was denied because he could not sell the

items for monetary gain.  Docket No. 106-1 at 2. In any event, Plaintiff asserts, and the Defendants do not dispute, that his art boards were never returned to him, nor do they appear to have been mailed out to anyone.

In *Christoph v. Young*, 567 F.App'x 268, 269 (5th Cir. 2014), the inmate complained that TDCJ officials improperly seized artwork from his cell in violation of his constitutional rights under the First, Fourth, and Fourteenth Amendments. The district court had dismissed the lawsuit under the *Parratt/Hudson* doctrine, which, as noted above, holds that a deprivation of a constitutionally protected property interest caused by a state employee's random and unauthorized conduct does not give rise to a procedural due process claim unless the State fails to provide an adequate post-deprivation remedy. *Christoph*, 567 F.App'x at 269.  But the Fifth Circuit reversed, explaining that "the *Parratt/Hudson* doctrine, which affects only procedural due process claims, does not apply to Christoph's First Amendment freedom of expression claim, a substantive constitutional claim." *Id.*

Plaintiff's amended complaint asserts a violation of his First Amendment right to freedom of speech in the confiscation of his artwork. Docket No. 25 at 2. Plaintiff asserts this right, as applied to inmate artwork, consistent with *Christoph*, 567 F.App'x at 269. *See also Fountain v. Thaler*, 629 F.App'x 592, 594 (5th Cir. 2015) (determining that plaintiff's challenge to prison postal regulations stated a claim under the First and Fourteenth Amendments); *Abshire v. Mailroom*, 852 F.App'x 153, 154–55 (5th Cir. 2021) (determining that rejection of two pieces of incoming mail without a valid reason stated a plausible First Amendment claim as well as a plausible Fourteenth Amendment due process claim).  Thus, Defendants' contention that Plaintiff did not allege a violation of a clearly established constitutional right fails.

Moreover, Defendants did not adequately object to the Report and Recommendation regarding whether Defendants' actions were objectively reasonable in light of law which was clearly established at the time of the disputed action. Docket No. 110 at 6 (providing a single string citation without offering any argument or reasoning as to why Defendants actions were objectively reasonable); *see Taylor v. LeBlanc*, 60 F.4th 246, 251 (5th Cir. 2023) ("A single, unsupported

sentence isn't enough to adequately brief the issue [of objective reasonableness in light of clearly established law as part of a qualified immunity analysis].").

Even if Defendants had adequately objected to the Report and Recommendation on this issue, Plaintiff met his burden to rebut Defendants' qualified immunity defense by showing that genuine issues of material fact exist regarding the reasonableness of the Defendants' actions. The Fifth Circuit has explained that "[w]hen a government official has asserted qualified immunity, the burden shifts to the plaintiff to rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Byrd v. Harrell* 48 F.4th 343, 346 (5th Cir. 2022) (internal citations omitted).

Plaintiff rebutted Defendants' previous arguments regarding their alleged objective reasonableness. Defendants previously argued that their denial of mailing Plaintiff's art boards was objectively reasonable based on their adherence to their training manual that provides that illustration boards must be mailed out through the property officer instead of mailroom staff. Docket No. 105 at 10–11. But Plaintiff properly rebutted this previous argument by showing that the same training manual instructs Defendants not to destroy such illustration boards without Plaintiff's permission. Docket No. 106 at 4–6. Indeed, Defendants' own summary judgment evidence contradicts their arguments. The training manual expressly instructs Defendants to "return [illustration boards] to the offender using the non-mailable" when they are denied for mailing because they must be mailed via the property officer instead of mailroom staff. Docket No. 105-3 at 12 (referring to a form appearing at Docket No. 105-3 at 75). And TDCJ Policy regarding "Handling of Denied Items" states that outgoing correspondence which is denied shall be (1) mailed to any person at the inmate's expense or (2) destroyed "only with the offender's written permission." Docket No. 105-1 at 30.

While violation of departmental rules alone does not deprive Defendants of their qualified immunity, the alleged failure to follow those policies does make Defendants' alleged actions more questionable "because it is questionable whether it is objectively reasonable to violate such a departmental rule." *Rice v. ReliaStar Life Ins. Co.*, 770 F.3d 1122, 1133 (5th Cir. 2014). Thus, taken

together with Plaintiff's retaliation allegations (which are further discussed below), Plaintiff's rebuttal of Defendants' claimed adherence to policies allows Plaintiff to meet his burden to negate Defendants' qualified immunity defense by showing that genuine issues of material fact exist regarding the reasonableness of the Defendants' actions. *See also Juarez v. Aguilar*, 666 F.3d 325, 336 (5th Cir. 2011) (upholding denial of qualified immunity for a retaliation claim where the retaliation allegations showed conduct falling "within the clearly established elements of retaliation in violation of [] First Amendment rights").

Second, regarding Plaintiff's retaliation claims, Defendants argue that Plaintiff has  not presented a chronology from which retaliation may plausibly be inferred and that the allegedly retaliatory acts were *de  minimis*. Docket No. 110 at 7–8. Plaintiff alleges that he complied with TDCJ regulations and was able to send out artwork for sale without any problems until Oakes—whom he had previously sued—became mailroom supervisor. Docket No. 108 at 12–13. Plaintiff also alleges Oakes then ordered his property seized and refused to return it, in violation of TDCJ regulations. *Id.* Plaintiff further alleges that he showed Disciplinary Rule 15.1, under which he was permitted to send out items for sale, to the mailroom staff, but they told him that they had shown the regulation to Oakes and that Oakes had told them to keep Plaintiff's property. Docket No. 59 at 7.

The summary judgment evidence before the Court does not make clear why Plaintiff's property was confiscated and not returned to him. And Defendants do not explain the discrepancy between their motion and their summary judgment evidence in this regard. The Magistrate Judge thus correctly determined that based upon the evidence before the Court, Plaintiff adequately alleged a chronology from which retaliation may plausibly be inferred. *See Leggett*, 280 F.App'x at 333.

A showing that property was handled under generally applicable regulations, such as storage rules, can overcome a retaliation claim by negating the causation element. S*ee Morris v. Cross*, Case No. 6:09-CV-00236, 2011 WL 346071 at *2 (E.D. Tex. Feb. 1, 2011), *aff'd* 476 F.App'x 783 (5th Cir. 2012), *cert. denied*, 568 U.S. 1015 (2012). But no such showing has been made in this case, particularly in light of the fact that according to the regulations, outgoing correspondence which is denied shall be mailed to any person at the inmate's expense or destroyed

with the inmate's written permission. *See* Docket No. 105-1 at 30.  The training manual for mailroom staff provides that illustration boards must be mailed out through the property officer, and if they are submitted for mailing through the mailroom, they are to be returned to the inmate "using the non-mailable." Docket No. 105-3 at 12 (referring to a form appearing at Docket No. 105-3 at 75).  The regulations do not provide for simply retaining the property and destroying it without the inmate's permission, as Plaintiff alleges occurred here.

The Defendants also argue, for the first time in their objections, that the alleged retaliatory act was *de minimis*. But Plaintiff's claim does not only concern the taking of property. Plaintiff also asserts a substantive First Amendment violation as discussed above. The Defendants do not address whether such a claim can be *de minimis* in light of the Fifth Circuit's holding that "a violation of constitutional rights is never *de minimis*." *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988), *citing Carey v. Piphus*, 435 U.S. 247, 266 (1978).  The Defendants' objection regarding Plaintiff's retaliation claims thus fails.

## CONCLUSION

The Court has conducted a *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Defendants objected. *See* 28 U.S.C. § 636(b)(1) (providing that a district court shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court has further considered and rejected Defendants' qualified immunity defense. Accordingly, the Court has determined that the Report of the Magistrate Judge is correct as modified herein and the Defendants' objections are without merit. Accordingly, it is

**ORDERED** that the Defendants' Objections (Docket No. 110) to the Report and Recommendation of the Magistrate Judge are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 108) is **ADOPTED-AS-MODIFIED** by this Order as the opinion of the District Court. It is further

**ORDERED** that the Defendants' Second Amended Motion for Summary Judgment (Docket No. 105) is **DENIED**.

So **ORDERED and SIGNED** this 30th day of March, 2023.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE