IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| PERRY PATTERSON | § | |
| v. | § | CIVIL ACTION NO. 5:19cv55 |
| CANDICE OAKES, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff Perry Patterson, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas. The Defendants remaining in the case are TDCJ officials Stephanie G. Arnold, Clemia Huey, Candice Oakes, and Amy Robinson.

**I. Background**

Plaintiff's amended complaint is the operative pleading in the lawsuit. Dkt. No. 25. In his amended complaint, Plaintiff asserts that on January 17, 2019, Defendant Oakes directed mailroom staff to seize his artwork, claiming prisoners cannot mail out items to be sold. He claims this violates TDCJ policy and is discriminatory to craft shop prisoners who sell items directly to guards and staff. According to Plaintiff, TDCJ rule 15.1(c) states that items can be sold as long as they do not depict nudity, violence, or reference to a committed offense. Plaintiff states he notified the Safe Prisons Coordinator several times prior to the incident, as required by the rule, and many times afterwards also.

According to Plaintiff, the TDCJ rule says that only notification is required and does not mention a needed response or permission. In addition, he states he has previously sent out items to vendors with the approval or assistance of the property officer. However, the problem arose when Officer Oakes became the mailroom supervisor; Plaintiff states she "is obviously continuing the retaliation alleged in the first suit." Dkt. No. 25 at 5. A warden's investigation found there had been no confiscation, which Plaintiff contends was contrary to the facts in the record.

Plaintiff asserts that Officers Arnold, Robinson, and Huey were mailroom staff on January 17, 2019, and participated in the illegal seizure of Plaintiff's property, including art, envelopes, and postage. They also refused to review TDCJ policies and rules presented by Plaintiff on multiple occasions. Plaintiff contends Officers Oakes, Arnold, Robinson, and Huey violated his rights under the First, Fourth, and Tenth Amendments. He seeks declaratory and injunctive relief, compensatory and punitive damages, and court costs.

Defendants have filed multiple motions for summary judgment, which have been denied. Plaintiff also filed a previous motion for summary judgment, which was denied.

Plaintiff has now filed a second motion for summary judgment or default judgment, saying that the Defendants' actions are unreasonable or unexplainable. Dkt. No. 117. He argues that the Defendants refused to file, sign, or complete twelve mandatory forms, ranging from opening files to returning property and stamps, which he says exposes a believable possibility of deliberate intent to knowingly violate his constitutional rights. He says that the Court's rulings give hope and reasonable expectation that he may prevail on his claim if submitted to a jury.

**II. Discussion**

Plaintiff's request for a default judgment lacks merit because Defendants have answered the lawsuit and are not in default. Fed. R. Civ. P. 55. Summary judgment is properly granted only when, viewing the evidence in the light most favorable to the non-moving party, the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Ellis v. Garza-Lopez*, slip op. no. 23-10022, 2023 WL 3723634 (5th Cir., May 30, 2023); *Burleson v. Texas Department of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004). If

the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Id., (*citing *Allen v. Rapides Parish School Board*, 204 F.3d 619, 621 (5th Cir. 2000)).  However, summary judgment disposition is inappropriate if the evidence before the Court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987).

A review of the summary judgment evidence in this case does not show that there are no disputed issues of fact or that Plaintiff is entitled to judgment as a matter of law.  Because Plaintiff has not met his initial summary judgment burden of showing that there are no disputed issues of material fact, his motion for summary judgment or judgment by default should be denied.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's motion for summary judgment or judgment by default (docket no. 117) be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive,  or general objections. See Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 26th day of January, 2024.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE